```
UNITED STATES DISTRICT COURT          USDC SDNY
SOUTHERN DISTRICT OF NEW YORK         DOCUMENT
------------------------------------x ELECTRONICALLY FILED
                                      DOC #: _____
LAWTON GARCIA,                        DATE FILED: 11/1/2017

                      Petitioner,

          - against -                 12-CR-00932 (TPG)
                                      16-CV-06834 (TPG)

UNITED STATES OF AMERICA,             MEMORANDUM OPINION
                                      & ORDER
                      Respondent.


------------------------------------x
```

Defendant Latwon Garcia was convicted, following a guilty plea, of conspiracy to distribute and possess with intent to distribute narcotics, and was sentenced to an 80-month term of imprisonment followed by a four-year term of supervised release. ECF No. 87; ECF No. 132. On August 29, 2016, Garcia filed a motion pursuant to 28 U.S.C. § 2255 (2012) to vacate, set aside, or correct his sentence. ECF No. 177. He seeks "at least a two-level minor role reduction" in light of Amendment 794 to the U.S. Sentencing Guidelines ("Guidelines"). U.S.S.G. App. C. Amend. 794 (effective Nov. 1, 2015); ECF No. 177, at 6.

Although Garcia filed the instant motion pursuant to § 2255, courts in this Circuit have found that this motion is properly construed as a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c). *See, e.g., Burgos v. United States*, 08-CR-1111-03 (DLC), 2017 WL 945933 (S.D.N.Y. Mar. 2, 2017); *Calderon v. United States*, No. 02-CR-1082-02 (NRB), 2016 WL 7742746 (S.D.N.Y. Dec. 28,

1

2016); *United States v. Morales-Perez*, 11-CR-00881-01 (DLC), 2016 WL 6426394 (S.D.N.Y. Oct. 27, 2016). Section 3582(c)(2) permits a court to reduce a defendant's sentence if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and where such reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Construing Garcia's motion as one filed pursuant to § 3582(c), it fails for two independent reasons: (1) Garcia knowingly and voluntarily waived his right to bring a motion challenging his sentence, and (2) Amendment 794 does not apply retroactively, and thus the court lacks authority to reduce his sentence. In his plea agreement, Garcia agreed that "if the sentence is within or below . . . the stipulated range, [he would] give up the right to appeal from the sentence or make a motion against the sentence." ECF No. 87, at 4-5. His ultimate sentence was 80 months, below the applicable Guidelines range of 87 to 108 months. ECF No. 132, at 12. Thus, Garcia waived his ability to bring any motion to reduce his sentence. Further, Amendment 794 to the Guidelines is not listed in the Guidelines Manual as one of the amendments that the Sentencing Commission has decided it will apply retroactively. U.S.S.G. § 1B1.10(d); *see Calderon*, 2016 WL 7742746, at *1 (declining to apply Amendment 794 retroactively under § 3582(c)(2)); *Morales-Perez*, 2016 WL 64263894, at *2 (same). Accordingly, the court has no authority to reduce Garcia's sentence under Amendment 794 as part of a § 3582 motion.

Further, Garcia has not made a "substantial showing of a denial of a constitutional right," and thus the court does not grant a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (stating that in order for a certificate of appealability to issue, the petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (internal quotations omitted) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000))). Any appeal from this Order would not be made in good faith. 28 U.S.C. § 1915(a)(3).

## CONCLUSION

Based on the reasons above, Garcia's August 29, 2016 motion to reduce his sentence pursuant to Amendment 794 and § 3582(c) is denied. This resolves Docket Number 187 in 12-CR-00932. The Clerk of Court is respectfully requested to mail a copy of this Order to Garcia and to close 16-CV-06834.

SO ORDERED

Dated: New York, New York
November 1, 2017

_____
Thomas P. Griesa
U.S. District Judge